IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BRENDA NATALINI ROBINSON, M.D., )
          )
      Plaintiff, )  **CIVIL ACTION**
          )
v.           )  No. 05-1091-MLB
          )
MT. CARMEL MEDICAL CENTER, INC., )
          )
      Defendant. )
_____)

## MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to dismiss. (Doc. 7.) The motion has been fully briefed and is ripe for decision. (Docs. 8, 9, 10.) Based on the fact that plaintiff introduced evidence outside the pleadings in her response, the court will treat the motion to dismiss as one for summary judgment. Finding no prejudice to either party, the court will decide the motion without further notice or briefing. Defendant's motion is GRANTED for reasons set forth herein.

**I. SUMMARY JUDGMENT STANDARD: FRCP 56**

Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). In determining whether a genuine

issue of material fact exists, the court "view[s] the evidence in a light most favorable to the non-moving party." Qwest Corp. v. City of Santa Fe, N.M., 380 F.3d 1258, 1265 (10th Cir. 2004) (quotation omitted).   When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).   If so, the court cannot grant summary judgment.   Prenalta Corp. v. Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).

Although defendant initially filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), (Doc. 7), when

> matters outside the pleading are presented to and
> not excluded by the court, the motion shall be
> treated as one for summary judgment and disposed
> of as provided in Rule 56, and all parties shall
> be given reasonable opportunity to present all
> material made pertinent to such a motion by Rule
> 56.

Fed. R. Civ. P. 12(b).   In her response brief, plaintiff presented evidence outside the pleadings in the form of employment contracts and letters.   If these documents had been clearly referenced in the complaint, the court could consider them without converting the matter into a motion for summary judgment. See MacArthur v. San Juan County, 309 F.3d 1216, 1221 (10th Cir. 2002).   However, any reference to either the contracts or the letters is, at best, oblique.   Therefore, based on plaintiff's presentation of these additional documents, the court will treat the motion to dismiss as one seeking summary judgment.

-2-

Nevertheless, the court finds no reason to delay a decision while allowing the parties to submit additional materials.  Here, it was plaintiff who made the submission and actually requested that the court treat this as a motion for summary judgment.  (Doc. 9 at 3-4.) In its reply brief, defendant neither objected to plaintiff's evidence, nor presented any additional evidence of its own.  In fact, defendant relied on plaintiff's evidence, and used that evidence to its own advantage.  (Doc. 10 at 4-5.)  When neither party is prejudiced, a court may convert a motion to dismiss into one for summary judgment without giving notice or time for additional briefing.  Burnham v. Humphrey Hospitality REIT Trust, Inc., 403 F.3d 709, 713-14 (10th Cir. 2005).  Finding no prejudice to either party, the court will decide this as a motion for summary judgment without further delay.

## II.  FACTS

Plaintiff brings this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1140, claiming that she was improperly denied eligibility for employee benefits when defendant classified her as an independent contractor rather than an employee. (Doc. 1.)  Plaintiff began working for defendant as an emergency room physician pursuant to a contract executed May 24, 2000.  With regard to the nature of the relationship created between the parties, the contract states as follows:

> It is further agreed that [plaintiff] is an independent contractor and not an employee of [defendant].    It is further agreed that [plaintiff] shall have no claim against [defendant] for sick leave, vacation pay, retirement, social security, disability or unemployment benefits or any other benefits

-3-

customarily arising from an employer/employee
relationship.

(Doc. 9 exh. 1 at 5 ¶ 12.)  The contract was amended on September 11,
2001 and March 25, 2003; however, this particular provision was
unaffected by the revisions.  (Doc. 9 exhs. 2, 3.)

Then, on August 18, 2003, the parties entered into a new
agreement in which plaintiff formally became an employee of defendant.
Subsequently, on November 12, 2004, plaintiff asked defendant to
retroactively change her status from independent contractor to
employee during the time period from May 24, 2000 through August 18,
2003.  Apparently, plaintiff's request was motivated by a dispute
between the Internal Revenue Service and defendant regarding
plaintiff's status.  Such a change would have entitled plaintiff to
over three additional years of certain pension benefits, and perhaps
other benefits as well.  Defendant denied the request, and this action
followed.  (Doc. 9 exhs. 4, 5, 7.)

III.  **ANALYSIS**

The complaint clearly sets forth only an interference claim under
29 U.S.C. § 1140.  (Doc. 1 at 1.)  That statute makes it "unlawful for
any person to discharge, fine, suspend, expel, discipline, or
discriminate against a participant or beneficiary for exercising any
right to which he is entitled under the provisions of an employee
benefit plan."  In addition to proscribing interference with the
exercise of rights under a benefit plan, § 1140 also prohibits
interference with "the attainment of any right to which such
participant may become entitled under the plan."

After defendant attacked plaintiff's interference claim as both

-4-

failing to state a prima facie case and being barred by the applicable statute of limitations (Doc. 8), plaintiff changed tack and argued that, although the complaint fails to even mention a claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B), such a claim is implied by the allegations in the complaint. (Doc. 9 at 7.) Section 1132 allows a participant or beneficiary to bring a civil action to enforce her rights under an employee benefit plan. 29 U.S.C. § 1132(a)(1)(B).

Assuming, without deciding, that the complaint somehow could be construed as raising both an interference claim under § 1140 and a denial of benefits claim under § 1132, plaintiff must first show that she is covered by the relevant benefit plans. Both § 1132 and § 1140 speak in terms of "participants." 29 U.S.C. §§ 1132(a)(1), 1140. Accordingly, plaintiff must be able to show that she is a participant in the disputed benefit plans in order to have any enforceable rights under either § 1132 or § 1140. ERISA defines a "participant" as "any employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . ." 29 U.S.C. § 1002(7).

In a strikingly similar case, the plaintiffs alleged that they had repeatedly signed agreements purporting to make them independent contractors, even though their job responsibilities came within the definition of common law employees. Capital Cities/ABC, Inc. v. Ratcliff, 141 F.3d 1405, 1410 (10th Cir. 1998). Accordingly, they argued that they were entitled to be treated as participants in the employer's benefit plan. The Tenth Circuit rejected that argument, holding instead that the contracts between the plaintiffs and the defendant governed their mutual relationship, regardless of whether the plaintiffs might have come within some common law definition of

-5-

employees.  Id. at 1409 (citing Boren v. Southwestern Bell Tel. Co.,
933 F.2d 891, 894 (10th Cir. 1991)).  Indeed, Capital Cities
emphasized that employers need not even offer ERISA benefits to all
employees, much less those workers denominated independent
contractors.  Id.  The determinative factor is simply whether the
parties agreed that the plaintiffs would be a participant in the
disputed plans.

Here, the original contract between plaintiff and defendant
expressly stated that plaintiff would have no right to the benefits
she now seeks to enforce. (Doc. 9 exh. 1 at 5 ¶ 12.)  Therefore, she
was not a participant in the benefit plans prior to August 18, 2003.
Since the relevant ERISA provisions apply only to participants,
plaintiff has no standing to proceed under them and her claims must
be dismissed. Felix v. Lucent Techs., Inc., 387 F.3d 1146, 1158 (10th
Cir. 2004).

Moreover, the plan language at issue in this case further
supports this conclusion.  See Capital Cities, 141 F.3d at 1411
(alternatively relying on the plan language to support the holding
that the plaintiff was not a participant).  The pension plan document
states, in relevant part,

> [t]he term "Employee" shall also not include any
> person who performs services for an Employer
> under an agreement or arrangement . . . with the
> individual . . . pursuant to which the person is
> treated as an independent contractor . . .
> irrespective of whether the individual is treated
> as an employee of the Employer under common law
> employment principles or pursuant to [certain
> provisions of the Internal Revenue Code].

(Doc. 9 exh. 7 at 2.)  That same paragraph goes on to state that only
an "Employee" who meets certain other criteria can be considered a

-6-

participant in the benefit plan. Id. Since plaintiff was expressly denominated an independent contractor, the fact that she might be considered a common law employee cannot bring her within the plan's definition of "Employee." Hence, she could not possibly have been a participant in the benefit plan during the disputed time period.

Likewise, the welfare benefit plan at issue here also strictly circumscribes who may be considered an "Employee" for purposes of participating in that plan. (Doc. 9 exh. 7 at 3.) Like the pension plan, the welfare plan also expressly excludes independent contractors and those persons who merely meet the definition of a common law employee. Id. Thus, plaintiff could not have been a participant in the welfare plan prior to August 18, 2003.

In sum, both the contract between the parties and the relevant plan documents preclude plaintiff from claiming that she was a participant in the relevant benefit plans. Since she was not a participant, she has no standing to proceed under 29 U.S.C. §§ 1132(a)(1) or 1140. Therefore, defendant's motion for summary judgment is GRANTED.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation

when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

     IT IS SO ORDERED.

     Dated this   24th   day of June 2005, at Wichita, Kansas.


                       s/   Monti Belot
                       Monti L. Belot
                       UNITED STATES DISTRICT JUDGE